# EXHIBIT B

Case 4:25-cv-02959   Document 1-2   Filed on 06/25/25 in TXSD   Page 2 of 14

5/15/2025 3:46 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 100897350
By: Bernitta Barrett
Filed: 5/15/2025 3:46 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **ROBERTO RIVERA** | § § § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § § | |
| v. | § § § | |
| **STATE FARM LLOYDS** | § § § | **\_\_\_\_ JUDICIAL DISTRICT** |
| **Defendant** | § § § | **HARRIS COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Insured Roberto Rivera ("Plaintiff" or "Rivera") and complains of State Farm Lloyds ("Defendant" or "State Farm Lloyds"). In support of his claims and causes of action, Plaintiff would respectfully show the Court as follows:

## I.
## DISCOVERY LEVEL

1. Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

## II.
## JURISDICTION AND VENUE

2. This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. The amount in controversy meets or exceeds the minimum jurisdictional limits of this Court. Plaintiff seeks damages not exceeding $75,000.00, exclusive of court costs and interest. Additionally, venue is mandatory and proper in Harris County, Texas in accordance with Tex. Civ. Prac. & Rem. Code § 15.002, as all or a substantial part of the events giving rise to this suit occurred within this county.

---

**PLAINTIFF ROBERTO RIVERA'S ORIGINAL PETITION**

# III.
# PARTIES

3. Plaintiff is an individual whose residence is located in Houston, Harris County, Texas.

4. Defendant State Farm Lloyds is a foreign corporation, duly registered with the Texas Department of Insurance to do business in Texas, which may be served with process by serving this Original Petition and a copy of the citation on its Registered Agent, Corporation Service Company, located at 211 E 7th ST, Suite 620, Austin, TX 78701, or wherever it may be found.

# IV.
# FACTUAL BACKGROUND

5. Plaintiff is a named insured under a residential property insurance policy issued by State Farm Lloyds, insurance policy no. 53-E7-A570-9 ("Policy").

6. On or about 16 May 2024 a storm hit the Houston area and caused damage to Plaintiff's property located at 13134 Chelton St, Houston, TX 77015 (the "Property"). Pursuant to the obligations under the Policy, Plaintiff timely filed an insurance claim.

7. Subsequently, State Farm Lloyds denied or underpaid Plaintiff's claim.

8. The adjuster assigned to the claim by State Farm Lloyds conducted a substandard investigation of the Property and damages, prepared a report that failed to include all of the covered damages present during the inspection, and mischaracterized and undervalued the damages identified during the inspection.

9. More specifically, upon accepting the claim State Farm Lloyds sent a field adjuster ("FA") to perform an inspection of the Property and Plaintiff's damages. The FA identified storm-caused damage to the Property and submitted an estimate for $2,624.57 ACV. Based on the FA's

estimate, State Farm notified Plaintiff that no payment would be issued for his loss because the $2,624.57 ACV is below the $4,509.00 Policy deductible.

10. In an effort to perform his due diligence, Plaintiff sought a competent and thorough inspection of his Property damage and evaluation of his claim. Plaintiff was informed by public adjuster Integrity Claims Consultants that the wind and hailstorm caused damage to the dwelling roof and areas of the interior requiring an estimated $31,768.25 in necessary and reasonable repairs to return the Property to its pre-loss condition. In addition, as required under the Policy and in furtherance of Plaintiff's duty to mitigate, Prime Restoration LLC performed roof tarping and interior water/moisture mitigation measures totaling $11,818.67.

11. Clearly, Farm Lloyds's unreasonable investigation was the cause of Plaintiff's underpaid claim.

12. Further, State Farm Lloyds's performance of this results-based investigation of Plaintiff's claim led directly to a biased, unfair, and inequitable evaluation of Plaintiff's losses to the Property.

13. As a result of the above issues, Plaintiff did not receive the coverage for which he had originally contracted with State Farm Lloyds. Therefore, Plaintiff has been forced to file this suit in order to recover damages arising from the above-referenced conduct and from the unfair and unjustified failure and refusal by State Farm Lloyds to pay insurance benefits in accordance with the Policy.

14. As indicated in this Original Petition, Plaintiff seeks an extension of time to apply, if necessary, for any remaining replacement cost coverage, as well as relief under the Policy, Texas common law, the Deceptive Trade Practices-Consumer Protection Act ("DTPA"), and the Texas Insurance Code.

## V.
## CLAIMS AGAINST DEFENDANT

15. Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

16. All conditions precedent to recovery by Plaintiff have been met or have occurred.

17. All acts by State Farm Lloyds were undertaken and completed by its officers, agents, servants, employees, and representatives. Such were either done with the full authorization or ratification of State Farm Lloyds and completed in its normal and routine course and scope of employment with State Farm Lloyds.

### 1. BREACH OF CONTRACT

18. According to the insurance coverage that Plaintiff purchased from State Farm Lloyds, State Farm Lloyds had the absolute duty to reasonably and competently investigate Plaintiff's damages, to reasonably and competently adjust Plaintiff's claim, and to properly pay to Plaintiff benefits under the Policy for the claims made for storm-caused damages.

19. As a result of the storm-related event, Plaintiff suffered damages under the Policy.

20. Despite objective evidence of storm-caused damages, State Farm Lloyds has breached its contractual obligations under the Policy by failing and refusing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property to its pre-loss condition, as well as for other related losses. As a result of State Farm Lloyds's material breach, Plaintiff has suffered actual and consequential damages.

### 2. VIOLATIONS OF THE TEXAS DTPA AND TIE-IN STATUTES

21. State Farm Lloyds's collective actions constitute violations of the Texas DTPA, including but not limited to, Sections 17.46(b)(5), (7), (12), (24), and Sections 17.50(a)(3) and (4) of the Texas Business & Commerce Code. Specifically, in violation of §17.46(b), State Farm

---

**PLAINTIFF ROBERTO RIVERA'S ORIGINAL PETITION**                                Page 4

Lloyds collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

> *17.46(b)(5)* - Representing that its Policy, coverage and claim adjustment services had sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they did not have;
>
> *17.46(b)(7)* - Representing that its Policy, coverage and claim adjustment services were of a particular standard, quality, or grade, and that the Policy was of a particular style or model, when they were of another;
>
> *17.46(b)(12)* - Representing that the Policy conferred or involved rights, remedies, or obligations which it did not have or involve; and
>
> *17.46(b)(24)* - Failing to disclose information concerning the Policy, coverage and claim adjustment services which were known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

22.     Moreover, and specifically in violation of Section 17.50(a), State Farm Lloyds collectively engaged in the use of false, misleading and deceptive acts or practices outlined above, on which Plaintiff relied to his detriment, in addition to engaging in the following:

> *17.50(a)(3)* - An unconscionable action or course of action; and
>
> *17.50(a)(4)* - Violating Chapter 541 of the Texas Insurance Code.

23.     As described in this Original Petition, State Farm Lloyds represented to Plaintiff that the Policy and State Farm Lloyds's adjusting and investigative services had characteristics or benefits that they actually did not have, which gives Plaintiff the right to recover under Section l7.46(b)(5) of the DTPA.

24.     As described in this Original Petition, State Farm Lloyds represented to Plaintiff that the Policy and State Farm Lloyds's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which constitutes violation of Section 17.46(b)(7) of the DTPA.

25.     By representing that State Farm Lloyds would pay the entire amount needed (minus the Policy deductible) by Plaintiff to repair the damages caused by the storm event and then failing and refusing to do so, State Farm Lloyds has violated Sections 17.46(b)(5), (7), (12), (24) and 17.50(a)(3) - (4) of the DTPA.

26.     State Farm Lloyds's actions, as described herein, are unconscionable in that State Farm Lloyds took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. State Farm Lloyds's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

27.     State Farm Lloyds's conduct, acts, omissions, and failures, as described in this Original Petition, are violations of Chapter 541 of the Texas Insurance Code and are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

28.     Plaintiff is a consumer, as defined under the DTPA, who purchased insurance products and services from State Farm Lloyds. Plaintiff relied upon the foregoing false, misleading, and deceptive acts or practices conducted by State Farm Lloyds to his detriment. As a direct and proximate result of State Farm Lloyds's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the above-described acts, omissions, and failures of State Farm Lloyds are a producing cause of Plaintiff's damages that are described in this Original Petition.

29.     As a result of State Farm Lloyds's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for State Farm Lloyds having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three

times the amount of mental anguish and actual damages due to State Farm Lloyds having intentionally committed such conduct.

30. As a result of State Farm Lloyds's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect his rights and to pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his reasonable and necessary attorneys' fees and costs as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show himself to be justly entitled at law and in equity.

### 3. VIOLATIONS OF TEXAS INSURANCE CODE

A. SECTION 541

31. State Farm Lloyds's actions constitute numerous violations of the Texas Insurance Code, including sections 541.051, 541.060(a), and 541.061. Under Section 541.051, State Farm Lloyds committed the following unfair and deceptive acts or practices in the business of insurance:

*541.051(1)(A)* - Making statements misrepresenting the terms of the Policy; and

*541.051(1)(B)* - Making statements misrepresenting the benefits of the Policy.

32. Continuing, State Farm Lloyds in violation of Section 541.060(a) engaged in certain unfair settlement practices with respect to a claim by an insured that include the following:

*541.060(a)(1)* - Misrepresenting a material fact or policy provision relating to coverage;

*541.060(a)(2)(A)* - Failing to make prompt, fair, and equitable settlement of a claim after the insurer's liability is established;

*541.060(a)(2)(B)* - Failing to promptly and fairly settle a claim under one portion of the Policy in order to influence the claimant to settle an additional claim under another portion of the coverage;

*541.060(a)(3)* - Failing to promptly provide a reasonable explanation of the basis for denial of a claim or for the offer of a compromise settlement;

*541.060(a)(4)(B)* - Failing to submit a reservation of rights to a policyholder;

*541.060(a)(5)* - Refusing, failing, or delaying an offer of settlement under applicable first-party coverage on the basis that other coverage may be available or that other parties may be liable for damages, unless specifically provided in the Policy;

*541.060(a)(6)* - Undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim; and

*541.060(a)(7)* - Refusing to pay a claim without conducting a reasonable investigation of the details of the claim.

33. Further, State Farm Lloyds violated Section 541.061 of the Texas Insurance Code by committing unfair and deceptive acts or practices in the business of insurance to misrepresent an insurance policy by:

*541.061(1)* - Making an untrue statement of material fact;

*541.061(2)* - Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

*541.061(3)* - Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; and

*541.061(5)* - Failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

B. SECTION 542

34. State Farm Lloyds has violated Sections 542.055 - 542.058 of Chapter 542 of the Texas Insurance Code in its failure to adhere to the statutorily-prescribed deadlines in the handling, adjustment and payment of insurance claims. More specifically, State Farm Lloyds committed the following violations:

*542.055(a)(3)* - Failing to request from the Plaintiff all items, statements, and forms that State Farm Lloyds reasonably believes, at the time, was required from Plaintiff, within 15 days after State Farm Lloyds received notice of Plaintiff's claim;

---

*542.057(a)* - After notifying Plaintiff that it would pay the claim, failure to pay the claim or part of a claim within the fifth business day the notice was made; and

*542.058(a)* - Failing to, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, State Farm Lloyds delayed payment of the claim for a period exceeding the period more than 60 days.

35.     As a result of the above-referenced violations and acts committed by State Farm Lloyds, and in accordance with Section 542.060 of the Texas Insurance Code, State Farm Lloyds is liable to pay Plaintiff, in addition to the amount of the claim, simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees. Plaintiff is also entitled to prejudgment interest on the amount of the claim, as provided by law. Interest awarded under this subsection as damages accrues beginning on the date the claim was required to be paid.

36.     Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because State Farm Lloyds's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for State Farm Lloyds having knowingly committed such conduct.

37.     Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for State Farm Lloyds having intentionally committed such conduct.

38.     As a result of State Farm Lloyds's Texas Insurance Code violations, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his court costs, reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce

Code or Section 541.152 of the Texas Insurance Code, and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

**4. BREACH OF THE COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING**

39.     State Farm Lloyds has breached its common law duty of good faith and fair dealing by underpaying Plaintiff's claim, inadequately adjusting Plaintiff's claim and failing to conduct a reasonable investigation to determine whether there was a reasonable basis for State Farm Lloyds's coverage decision.

## VI.
## WAIVER AND ESTOPPEL

40.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

41.     State Farm Lloyds has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## VII.
## DAMAGES

42.     State Farm Lloyds's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

43.     More specifically, Plaintiff seeks monetary relief of no more than $250,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

44.     Furthermore, State Farm Lloyds's conduct was committed knowingly and intentionally. Accordingly, State Farm Lloyds is liable for additional damages under Section 17.50(b)(1) of the DTPA, as well as all operative provisions of the Texas Insurance Code. Plaintiff

is, thus, clearly entitled to statutory penalty interest damages allowed by Section 542.060 of the Texas Insurance Code.

## VIII.
## ATTORNEY FEES

45. In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001 - .005 of the Civil Practice and Remedies Code.

46. Plaintiff seeks attorney fees on a contingency fee basis. If the attorney fees must be broken down into an hourly rate, Plaintiff seeks attorney fees at $400 per hour.

47. Attorney's fees are awarded to the party as part of the damages owed by an insurance company that violates Chapter 542 of the Texas Insurance Code. We believe it consistent with the statute's purpose to require the insurer to pay a contingency fee, which may be greater than an hourly fee. The specter of large attorneys' fees serves as additional incentive to the insurance company to respond promptly and diligently to its insured's claims. *Mid-Century Ins. Co. v. Barclay*, 880 S.W.2d 807 (Tex. App. 1994).

## IX.
## JURY DEMAND

48. Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

## X.
## RULE 193.7 NOTICE

49. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to all parties that any and all documents produced may be used against the party producing the document at any pretrial proceeding and/or at the trial of this matter Without the necessity of authenticating the documents.

---

## XI.
## CONCLUSION AND PRAYER

50. Plaintiff prays that judgment be entered against State Farm Lloyds, and that Plaintiff be awarded all his actual damages, consequential damages, prejudgment interest, additional statutory damages, post-judgment interest, reasonable and necessary attorney fees, court costs and all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays he be awarded all such relief to which he is due as a result of the acts of State Farm Lloyds, and all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

TEXAS INSURANCE ATTORNEYS, PLLC

*/s/ Eric B. Schupper*

Eric B. Schupper
TX Bar No. 24033626
Texas Insurance Attorneys, PLLC
1980 Post Oak Blvd, Suite 300
Houston, Texas 77056
Main: (888) 491-6551
Direct: (281) 805-0528 ext. 219
Fax: (305) 503-7142
Eric@TexasIA.legal

**ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Eric Schupper on behalf of Eric Schupper
Bar No. 24033626
eric@texasia.legal
Envelope ID: 100897350
Filing Code Description: Petition
Filing Description: Original Petition
Status as of 5/15/2025 3:53 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Andrea Guembes | | andrea.guembes@texasia.legal | 5/15/2025 3:46:24 PM | NOT SENT |
| Eric Schupper | | eric@texasia.legal | 5/15/2025 3:46:24 PM | NOT SENT |